STATE OF CONNECTICUT *v.* ROBERT D. LEMOINE
(3357)

DUPONT, C. J., SPALLONE and BIELUCH, Js.

Argued December 6, 1985—decision released March 4, 1986

*Denise Derby,* for the appellant (defendant).

*Marcia B. Smith,* assistant state's attorney, with whom, on the brief, was *John Connelly,* state's attorney, for the appellee (state).

DUPONT, C. J. After a conviction by a jury of criminal mischief in the third degree, a violation of General Statutes § 53a-117, of breach of the peace, a violation of General Statutes § 53a-181, and of unlawful restraint in the first degree, a violation of General Statutes § 53a-95, the defendant appeals from the judgments of guilty rendered thereafter. He claims that the trial court erred (1) in excluding the testimony of a witness called by the defendant for the purpose of impeaching the testimony of the complaining witness, and (2) in exceeding the scope of permissible judicial comment by characterizing the excluded testimony as unreliable and untrustworthy, so as to prejudice the defendant.

The jury could have reasonably found certain facts based upon the evidence submitted to it. The defend-

ant and the complaining witness, a twenty year old female who had been seeing the defendant socially for approximately five months, attended a party together. Both the defendant and the complaining witness drank beer while at the party. Sometime between 11 p.m. and midnight, they left the party accompanied by two friends. The defendant drove his car to a bar in Waterbury and, upon arrival, opened his car door and fell to the ground. He then became physically ill, and the complaining witness took his car keys from him in order to drive home. While driving the defendant's car, she struck a telephone pole, causing extensive damage to his car, and making it inoperable. The defendant then became verbally abusive toward the complaining witness, screaming at her in addition to threatening her. Eventually, they were driven to the home of the complaining witness, at which time the defendant demanded that she drive him back to his car. During this drive, the defendant verbally abused her and physically attacked her, striking her head against the dashboard of the car and punching her in the stomach. After repeated attempts to leave the defendant, the complaining witness managed to drive home. The defendant later returned to her home in order to retrieve his wallet and his money, which he had given to her for safekeeping. While at her home, the defendant had another physical and verbal altercation with her. He broke the front passenger window of her car, purportedly while attempting to recover his wallet which he saw in her car. At this point, the police arrived and the defendant was placed under arrest.

The complaining witness testified that subsequent to the arrest she saw the defendant at a local bar. Once again, a verbal exchange took place between them during which she stated that the defendant "was going to pay for what he had done." The defendant claimed that he asked the proprietor of the bar for assistance

in restraining the complaining witness, and that finally the owner had to ask her to leave.

The defendant attempted to introduce the testimony of the proprietor regarding the incident at the bar to demonstrate the bias, motive, interest and prejudice of the complaining witness and to corroborate the defendant's version of the incident at the bar. During that testimony, the court excused the jury and questioned the proprietor as to his personal knowledge of whether the woman involved in the incident at the bar was actually the complaining witness in the case. During the course of this examination, it became clear that although the proprietor recalled the incident between the defendant and a woman, he had no present recollection of who the particular woman involved in the incident was and could not identify the complaining witness as the woman who harassed the defendant. He did not testify that he had heard any of the conversation between the defendant and the woman. Since the witness could not identify the woman he saw in the bar as the complaining witness, the trial court ordered that the proprietor's testimony be stricken from the record. The court instructed the jury to ignore the testimony on the ground that it was unreliable and untrustworthy.

Since the proprietor could not identify the complaining witness as the woman in his bar, his testimony could not be used to show that she was biased. The complaining witness admitted, in essence, that she was prejudiced against the defendant when she testified that she had said that the defendant would have to pay for what he had done. The defendant makes no claim that his cross-examination of her was restricted in any way. The proprietor did not hear any conversation and only knew that the defendant asked him to prevent a woman from harassing him. The defendant's version of events in the bar was not basically opposed to the events as recounted by the complaining witness. Furthermore,

another witness for the defense testified to the incident and the entire exchange of words between the defendant and the complaining witness. That witness's testimony corroborated the testimony of the defendant. Even if it could be said that the putative testimony should have been allowed into evidence as impeachment of the complaining witness's testimony, the trial court could exercise its discretion to exclude cumulative impeachment evidence. *State* v. *Cassidy,* 3 Conn. App. 374, 382, 489 A.2d 386 (1985).

The defendant's claim that the exclusion of the testimony denied him a right to confront witnesses as guaranteed by the sixth and fourteenth amendments to the United States constitution is meritless. The primary interest secured by the confrontation clause of the sixth amendment is the right of cross-examination. See *Douglas* v. *Alabama,* 380 U.S. 415, 418, 85 S. Ct. 1074, 13 L. Ed. 2d 934 (1965); *State* v. *Milum,* 197 Conn. 602, 608, 500 A.2d 555 (1985). The proprietor was the defendant's witness, not a witness against him.

The defendant's related claim that he was denied due process of law is also without foundation. The defendant's due process claim implicates his fundamental right to present witnesses in his own behalf. See *Chambers* v. *Mississippi,* 410 U.S. 284, 302, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973); *Washington* v. *Texas,* 388 U.S. 14, 19, 87 S. Ct. 1920, 18 L. Ed. 2d 1019 (1967). In exercising this right, however, the defendant "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Chambers* v. *Mississippi,* supra, 302. Here, the trial court evaluated the evidence offered by the defendant on several grounds, including relevancy, competency and hearsay. The testimony had no relevancy to the crime with which the defendant was charged, did contain hearsay, and showed an inability of the witness to attribute the inci-

dent in question to the complaining witness. It should have been excluded. See *State* v. *Mastropetre,* 175 Conn. 512, 521, 400 A.2d 276 (1978); *State* v. *Cassidy,* supra, 382–83. Nor was the purpose for which it was offered served. Other evidence had shown the bias of the complaining witness and had corroborated the defendant's version of the incident.

The defendant also claims that the trial court went beyond the scope of permissible judicial comment when it characterized the proprietor's testimony as untrustworthy and unreliable, thus prejudicing the jury against the defendant. A review of the trial court's comments in excluding the testimony clearly indicates that the court was only instructing the jury to disregard testimony which the court had ruled was inadmissible.[1] The court's comments were not in any way derogatory of either the defendant or his witness and simply gave an explanation to the jury of the need to strike the testimony it had heard.

There is no error.

In this opinion the other judges concurred.

---

[1] In striking the proprietor's testimony, the trial court instructed the jury as follows: "THE COURT: Ladies and gentlemen, I'm going to order stricken the testimony of [the proprietor] and further order you to strike it from your minds, ignore it, and do not consider it because of its unreliability. During the course of that testimony, among other things, it became clear that from his own words, [the proprietor] had no idea of who this particular person was on this particular time. Therefore, because of that unreliability, the Court feels, as a matter of law, that that testimony is inherently untrustworthy and is not to be considered by you in any way, shape, form or manner. That is one of the Court's prerogatives. Insofar as it is humanly possible, I want you to disregard his testimony completely."